**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**BRUCE SUSEL,**

**Plaintiff,**

**v.**

**RUBIN LUBLIN, LLC,**

**Defendant.**

**CIVIL ACTION FILE NO.
1:22-CV-04209-SEG-JEM**

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Pending before the Court are Defendant's motion to dismiss the original complaint, (Doc. 2); Defendant's motion to dismiss the amended complaint, (Doc. 5); and Plaintiff's motion to remand, (Doc. 6). For the reasons discussed below, the Court **RECOMMENDS** that Plaintiff's motion to remand, (Doc. 6), be **GRANTED**, and that this case be **REMANDED** to the State Court of Gwinnett County. The Court further **RECOMMENDS** that Defendant's motions to dismiss the complaint, (Docs. 2; 5), be **DENIED AS MOOT**.

## I. BACKGROUND

Plaintiff filed a complaint against Defendant in the State Court of Gwinnett County, Georgia, on September 19, 2022, alleging that Defendant violated the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. §10-1-390, *et seq.* (count one) and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, *et seq.* (count two), and also breached its fiduciary duty to Plaintiff under

O.C.G.A. §23-2-58 (count three). (Doc. 1-1 at 20-). Defendant was served with the state action on September 23, 2022, and it timely removed the case to this Court on October 24, 2022,[1] based on the federal claim alleged under the FDCPA, which gave this Court original jurisdiction. (Docs. 1; 1-1 at 2). Plaintiff did not challenge the removal. One week later, on October 31, 2022, in lieu of filing an answer to the complaint, Defendant timely filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[2] (Doc. 2). Defendant argued that the complaint should be dismissed on three grounds: (1) Defendant is not subject to the GFBPA; (2) Plaintiff's FDCPA claim is time-barred; and (3) Defendant did not owe any fiduciary duty to Plaintiff. (Doc. 2-1).

Plaintiff amended the complaint on November 17, 2022, removing count one and count two, and amending Plaintiff's total damages amount to "no greater than $74,000." (Doc. 4). On November 29, 2022, Plaintiff also filed the pending motion to remand this case to the State Court of Gwinnett County,

---

[1] A defendant must file the notice of removal within 30 days of being served with the initial pleading, or if the case stated by the initial pleading is not removable, within 30 days of being served with a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case has become removable. *See* 28 U.S.C. §§1446(b)(1) and (b)(3); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-356 (1999)(holding that the 30-day clock for filing a removal starts running from the formal service of process date).

[2] After removal, an answer is due seven days after notice of the removal is filed, or 21 days after being served with the initial pleading, whichever is longer. *See* Fed. R. Civ. P. 81(c).

asserting that because there is no longer a federal claim, this Court now lacks jurisdiction. (Doc. 6).

Defendant filed a motion to dismiss the amended complaint on November 29, 2022, arguing that Plaintiff's only remaining claim—breach of fiduciary duty—should be dismissed because Defendant has no fiduciary relationship with Plaintiff; thus, Plaintiff failed to establish the existence of a fiduciary duty, as required to state a claim for breaching the fiduciary duty. (Doc. 5-1). Defendant did not file a response to Plaintiff's motion to remand to the State Court of Gwinnett County, so the motion is unopposed. (Dkt.); *see also* LR 7.1(B), NDGa ("Any party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after service of the motion . . . Failure to file a response shall indicate that there is no opposition to the motion").

## II. DISCUSSION

A defendant may remove a civil action filed in state court to the federal district court embracing that state court when the district court has original jurisdiction over the state case. *See* 28 U.S.C. § 1441(a); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Typically, a district court has original jurisdiction based on citizenship diversity of the parties or a federal question.[3] *See* 28 U.S.C. §§1331, 1332, 1441(a); *Bank of New York v. Burgess*, No.

---

[3] In rare circumstances, federal jurisdiction may also be established on civil rights grounds under 28 U.S.C. §1443. *See Cent. Mortg. Co. v. Laskos*, 561 F. App'x 827, 828–29 (11th Cir. 2014); *Provident Funding Assocs., LP v. Obande*, 414 F. App'x 236, 238 (11th Cir. 2011).

1:10-CV-01850-ODE-AJB, 2010 WL 11647679, at *2 (N.D. Ga. June 23, 2010), report and recommendation adopted, No. 1:10-CV-1850-ODE-AJB, 2010 WL 11647680 (N.D. Ga. July 23, 2010).

Here, at the time that Defendant initially removed the case to this Court on October 24, 2022, the Court had original jurisdiction under 28 U.S.C. §1331, based on the federal FDCPA claim contained in the complaint, and supplemental jurisdiction over the state law claims under 28 U.S.C. §1367. (Docs. 1; 1-1). That is, district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States," and supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . ." *See* 28 U.S.C. §§1331 and 1367(a). But because Plaintiff amended the complaint to now contain only one claim for breach of fiduciary duty under O.C.G.A. §23-2-58, (Doc. 4), the Court no longer has original jurisdiction, and the Court finds that exercising supplemental jurisdiction under 28 U.S.C. §1367 is not appropriate. "[U]nder the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in §1367(c) for declining to exercise supplemental jurisdiction have been met."[4] *Williams v. E.*

---

[4] 28 U.S.C. §1367(c) states:

> The district courts may decline to exercise supplemental jurisdiction

*R. Snell Contractor, Inc.*, No. 1:05-CV-1673-JTC, 2006 WL 8432643, at *3 (N.D. Ga. Feb. 10, 2006), report and recommendation adopted, No. 1:05-CV-1673-JTC, 2006 WL 8432439 (N.D. Ga. Mar. 8, 2006)(citing *Hinson v. Norwest Financial South Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001) and *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988)). "To determine whether to remand, Courts examine "the principles of economy, convenience, fairness, and comity" and whether a "plaintiff has engaged in any manipulative tactics" to determine whether to remand a case to a state court." *Id.*

As noted above, Defendant does not oppose the motion to remand. (Doc. 6; Dkt); LR 7.1(B), NDGa. Also, this case is in the early stages of the proceedings, and the remaining state law claim is best heard in the state court, which has expertise in the state law issues. *See Joseph v. Newport Shores Mortg., Inc.*, No. 1:05-CV-0904-TCB, 2007 WL 9747731, at *9 (N.D. Ga. Feb. 2, 2007), report and recommendation adopted sub nom. *Joseph v. Christ*, No. 1:05-CV-904-TCB, 2007 WL 9747751 (N.D. Ga. Mar. 21, 2007)(when the federal-law claims have dropped out of the lawsuit in the early stages and only state-law claims

---

over a claim under subsection (a) if--

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

remain, the federal court should decline the exercise of jurisdiction); *Williams*, 2006 WL 8432643, at *4 (recommending remand of removal case because plaintiff amended the complaint to excise the only claim over which the Court had original jurisdiction); *see also Zahedi v. Bank of New York Mellon Tr. as Tr. for Certificate Holders of CWMBS Inc., Alternative Loan Tr. 2006-ST1 Mortg. Pass Through Certificates, Series 2006-7*, No. 1:19-CV-2291-ELR-JKL, 2020 WL 9607007, at *7 (N.D. Ga. Jan. 31, 2020), report and recommendation adopted sub nom. *Zahedi v. Bank of New York Mellon Tr.*, No. 1:19-CV-02291-ELR, 2020 WL 9607047 (N.D. Ga. Feb. 19, 2020)(declining to exercise supplemental jurisdiction after federal claim was dismissed, leaving only state law claims over which the Court would not have original jurisdiction). Accordingly, the Court **RECOMMENDS** that the motion for remand, ( Doc. 6), be **GRANTED**, and the case be **REMANDED** to the State Court of Gwinnett County.

The Court further **RECOMMENDS** that Defendant's pending motions to dismiss, (Docs. 2; 5), both be **DENIED AS MOOT**. An amended complaint renders moot a motion to dismiss the original complaint because the motion is seeking dismissal of a pleading that has been superseded. *See Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)("[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary")(internal quotations omitted); *see also Thomas v. Alcon Lab'ys*, 116 F. Supp. 3d 1361, 1365 n.5 (N.D. Ga. 2013) ("[A] motion to dismiss is rendered moot by an amended pleading"); *S. Pilot*

*Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1287 n.1 (N.D. Ga. 2013) ("An amended complaint supersedes the original complaint, and thus renders moot a motion to dismiss the original complaint"). Defendant's first motion to dismiss, (Doc. 2), was directed to the original complaint, which was superseded by the amended complaint. (Doc. 4). And although Defendant's second motion to dismiss, (Doc. 5), is directed to the amended complaint, as discussed above, the Court does not have original jurisdiction, and it should decline to exercise supplemental jurisdiction over the one remaining state law claim.

## III. CONCLUSION

For the above reasons, the Court **RECOMMENDS** that Plaintiff's motion to remand, (Doc. 6), be **GRANTED**, and that this case be **REMANDED** to the State Court of Gwinnett County. The Court further **RECOMMENDS** that Defendant's motions to dismiss the complaint, (Docs. 2; 5), be **DENIED AS MOOT**.

This is a Final Report and Recommendation, there is nothing further pending in this action, and the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned Magistrate Judge.

**SO RECOMMENDED and DIRECTED** this 10th day of April, 2023.

J. Elizabeth McBath

J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE